UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-20 CARMELO SANTIAGO-CABAN,

        Defendant.
_____/

Criminal No. 13-20156
HON. George Caram Steeh

## PRELIMINARY ORDER OF FORFEITURE

1. A Fourth Superseding Information (Information) was filed on January 12, 2016, charging Defendant CARMELO SANTIAGO-CABAN in Count One with Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C); and 846.

2. Defendant CARMELO SANTIAGO-CABAN entered into a Rule 11 Plea Agreement (Rule 11) in which he agreed to plead guilty to Count One of the Information.

3. As part of this agreement, Defendant CARMELO SANTIAGO-CABAN agreed, pursuant to 21 U.S.C. § 853, to forfeit his interest to the United States in the following:

1

(a) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of the Fourth Superseding Information;

(b) any property, real or personal, involved in the commission of violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of the Fourth Superseding Information; and/or

(c) a money judgment, and all traceable interest and proceeds which sum in aggregate is property representing the proceeds of the aforementioned offenses, or is traceable to such property, and/or is involved in violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of the Indictment (collectively, "Subject Property").

4.  As part of this agreement, Defendant CARMELO SANTIAGO-CABAN further agreed to a Forfeiture Money Judgment in the amount of One Hundred and Fifty Thousand Dollars ($150,000).

5.  Defendant CARMELO SANTIAGO-CABAN agreed to the entry of a Stipulated Preliminary Order of Forfeiture, at or after the time his guilty plea is entered, with regard to the forfeiture money judgment in the amount of $150,000, and as to any other property identified before sentencing that is subject to forfeiture

pursuant to 21 U.S.C. § 853, as a result of violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of the Fourth Superseding Information.

6. Defendant CARMELO SANTIAGO-CABAN agreed that, pursuant to 21 U.S.C. § 853(p), if, by any act or omission of Defendant, the property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred, sold, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the Defendant agrees to the forfeiture of any of his other real or personal property, up to the value of such unavailable assets.

7. In entering into his agreement with respect to forfeiture, Defendant CARMELO SANTIAGO-CABAN expressly waived his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

8. In entering into his agreement with respect to forfeiture, Defendant CARMELO SANTIAGO-CABAN knowingly, voluntarily, and intelligently waived any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

9. Defendant further waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledged that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waived any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

10. Federal Rules of Criminal Procedure 32.2(b)(2)(A) and (B) provide that the court must enter a preliminary order of forfeiture directing the forfeiture of specific property that it finds is subject to forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications, before the order becomes final as to the defendant under Rule 32.2(b)(4), unless doing so is impractical.

11. The court finds that defendant property has a sufficient nexus to the offense of conviction and is therefore subject to forfeiture to the United States.

12. Defendant CARMELO SANTIAGO-CABAN is scheduled to be sentenced on May 12, 2016.

NOW THEREFORE, based upon Defendant CARMELO SANTIAGO-CABAN's acknowledgment of criminal forfeiture proceedings against defendant

4

property, Defendant's Rule 11 Plea Agreement and guilty plea, and the information in the record,

IT IS HEREBY ORDERED that a money judgment in the amount of $150,000 is hereby entered against Defendant CARMELO SANTIAGO-CABAN in favor of the United States of America;

IT IS FURTHER ORDERED that pursuant to Fed.R.Crim.P. 32.2(c)(1) and (c)(2) this Preliminary Order of Forfeiture shall become final as to the Defendant and all other persons upon entry and shall be made part of the sentence and included in the judgment, given that the forfeiture consists entirely of a money judgment and ancillary proceedings are not required.

The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: May 6, 2016

**s/George Caram Steeh**
HON. GEORGE CARAM STEEH
United States District Judge